ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SPANO,

                    Plaintiff,

- against -

SUNIL SURI and BCF LOANS, INC.,

                    Defendants.

23 Civ. 7783 (LLS)

OPINION & ORDER

Plaintiff James Spano filed a Complaint against defendants Sunil Suri and BCF Loans, Inc., alleging fraud and conversion related to a failed merger and acquisition in the solar energy industry. Neither Suri nor BCF Loans answered the Complaint, and Spano obtained the clerk's certificate of default against them (Dkt. No. 18) and moved for a default judgment (Dkt. No. 19). This Court referred the case to Judge Cott for an inquest after default (Dkt. No. 20) but did not issue a default judgment. On May 5, 2024, the defendants moved to set aside the clerk's entry of default and terminate the inquest proceeding (Dkt. No. 31). For the reasons that follow, that motion is granted. The motion for default judgment is denied, and the inquest before Judge Cott is terminated.

**Facts**

In early 2023, Spano and Suri began discussing a business venture in the renewable energy space. Compl. ¶¶ 7-9 (Dkt. No. 1). Suri had expressed interest in buying Spano's company,

1

Sol-REIT Advisors, LLC, which finances solar energy generation projects. Id. ¶¶ 11-12. Suri planned to merge Sol-REIT with his company, BCF Loans. Id. At the time, Spano was in a dispute with his business partners related to their request for a capital call. Id. ¶ 13. As part of his plan, Suri asked Spano to appoint him manager of Sol-REIT and deposit $335,0000 into an account owned by BCF Loans, which he would use for the capital call and to help enable the sale and merger. Id. ¶¶ 15-19. Spano wired the money, but Suri ultimately did not buy Sol-REIT and used the funds for other purposes. Id. ¶¶ 22-24. Spano repeatedly asked Suri to return the money, but he did not comply. Id. ¶¶ 24-26.

Spano commenced this action on September 1, 2023 (Dkt. No. 1) and effectuated service on Suri on October 24, 2023 via Jasmine Smith (Dkt. No. 8) and on BCF's registered agent on October 11, 2023 (Dkt. No. 9). However, defendants claim that they never received the Summons and Complaint, due in part to Suri's long COVID-19 diagnosis, which delayed his administrative and financial obligations and resulted in BCF falling behind on payments to its registered agent, who resigned shortly after this action was commenced. Defendants' Memorandum of Law in Support of Motion to Set Aside Entry of Default ("Defs.' Mem.") (Dkt. No. 32); Suri Declaration ("Suri Decl.") (Dkt No. 32, Ex. 1). Suri also claims he never received service of documents related to the default judgment, which were accepted by Jasmine

2

Lee on February 14, 2024 (Dkt. No. 25). Defs.' Mem at 3, 5; Suri Decl. ¶ 3. Immediately upon becoming aware of the lawsuit and default judgment, defendants retained counsel and moved to vacate the default. Defs.' Mem at 1, 3, 5; Suri Decl. ¶ 6.

## Legal Standards

Federal Rule of Civil Procedure 55(a) provides that, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a); Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 513-14 (2d Cir. 2001). The entry of default is a distinct step from the later entry of default judgment.

When a motion for default judgment has been opposed, courts "apply the Rule 55(c) standard for setting aside the entry of a default" and vacate a default (and thereby deny the motion for default judgment) for good cause. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). To determine whether good cause exists, "the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" Powerserve, 239 F.3d at 513-14 (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)).

An entry of default must also be set aside as a matter of law if it was obtained by defective service. Wandel v. Gao, 2022

WL 61867, at *2 (S.D.N.Y. Jan. 6, 2022) (internal citations omitted). "This is because a Court must have personal jurisdiction over a defendant to enter a default judgment; and personal jurisdiction, in turn, requires proper service of process." Id.

Default judgments "are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Good cause "should be construed generously." Id.

## Discussion

### I. Ineffective Service

The entry of default against Suri and BCF Loans is vacated because they were improperly served. Spano's affidavits establish a prima facia case for proper service. However, Suri's declaration rebuts the Affidavit from the service processor, and that rebuttal negates the presumption of proper service. Wandel, 2022 WL 61867, at *2. To overcome the presumption of proper service, a denial of receipt of service must include "specific facts to rebut the statements in the process server's affidavits." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 58 (2d Cir. 2002). Suri states that he did not receive notice of the lawsuit and did not know or authorize

4

anyone named Jasmine Smith or Jasmine Lee to accept service. Defs.' Mem at 4-5. Additionally, BCF fell behind on payments to its registered service provider, who resigned, and BCF never received the Summons and Complaint. Id. Spano argues that Suri had actual notice of the lawsuit. Plaintiff's Memorandum of Law in Opposition to Motion to Set Aside Entry of Default at 6-8 ("Pl.'s Mem.") (Dkt. No. 33). However, Suri has explained in detail the changes to his service processor and the fact that he does not know the people who reportedly accepted service. Defs.' Mem at 4-5. That is sufficient to establish improper service, and the entry of default against Suri and BCF loans is vacated.

## II. Good Cause

Even if Suri and BCF Loans were properly served, good cause exists to vacate the default. A determination of good cause is left to the Court's discretion, and the criteria must be considered "in light of the Second Circuit's oft-stated preference for resolving disputes on the merits." Sea Hope Navigation Inc. v. Novel Commodities SA, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (internal quotations and citations omitted).

### a. Willfulness

A willful default requires more than careless, negligent, or grossly negligent conduct. Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57 (2d Cir. 1996). "Willfulness may be found where there is evidence of bad faith, or the default arose from

5

egregious or deliberate conduct." Holland v. James, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (internal quotations and citations omitted). Any doubts as to willfulness should be resolved in the defendants' favor. Raheim v. N.Y. City Health & Hosps. Corp., 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing Enron, 10 F.3d at 98).

There are no indications of willfulness here. The defendants claim that they were not made aware of the lawsuit, and they immediately hired an attorney and opposed the motion for default judgment as soon as they learned about it. Defs.' Mem at 5. Spano argues that Suri had actual notice of the lawsuit because, "the day after filing the Complaint, Mr. Spano emailed everyone who he knew in Mr. Suri's orbit requesting that they provide statements," so it was "implausible that Mr. Suri was not aware of this lawsuit." Pl.'s Mem. At 7. However, that email was not sent to Suri himself, and Spano presents no evidence that Suri was informed of it by others or acted in bad faith. Given that any doubts should be resolved in the defendants' favor, that is insufficient to find willfulness.

**b. Prejudice**

A "delay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide

6

greater opportunity for fraud and collusion." Id. (internal quotations and citations omitted).

Spano argues that a "delay in the disposition of this matter will provide a greater opportunity for Mr. Suri to defraud Mr. Spano." Pl.'s Mem. at 8. However, he offers no evidence to that effect, simply stating that "any further delay will provide additional opportunity for Mr. Suri to divert that money for other unlawful purposes." Id. at 8-9. That is speculation and, without more, is insufficient to find prejudice.

### c. Meritorious Defense

The test for a meritorious defense is "whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98. "[T]he defense need not be ultimately persuasive at this stage." Am. All. Ins. Co., 92 F.3d at 61. The threshold for evidence in support of a defense is low, but defenses must "go beyond mere conclusory denials of the allegations." Wandel, 2022 WL 61867, at *5.

Suri and BCF Loans go beyond simply denying Spano's claims, arguing that "the Plaintiff and Suri agreed that the at-issue funds were to be used in connection with Suri's efforts to return Plaintiff to good standing with Sol-REIT and advance the BCF transaction," and "Plaintiff understood that those funds would be spent on costs incurred in connection with those

7

efforts." Defs.' Mem at 8. Those statements meet the low threshold required, as they are more than mere denials, and any doubts must be resolved in favor of the defendants.

### Conclusion

Balancing all of the factors above, there is good cause to vacate the entry of default against Spano and BCF Loans. The motion for default judgment is denied, and the clerk's certificate of default is vacated. The inquest proceeding before Judge Cott is terminated, and plaintiff's request for attorneys' fees is denied. Defendants' new deadline to respond to the Complaint is September 3, 2024.

So ordered.

Dated:  New York, New York
        August 13, 2024

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.