USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SPANO,

          Plaintiff,

   - against -

SUNIL SURI and BCF LOANS, INC.,

          Defendants.

23 Civ. 7783 (LLS)

OPINION & ORDER

Defendants Sunil Suri and BCF Loans, Inc., moved to dismiss plaintiff James Spano's Complaint against them for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, to transfer the action to the Northern District of California. For the reasons that follow, the case is transferred to the Northern District of California.

## BACKGROUND

Plaintiff James Spano is a New Jersey businessman who works in the renewable energy space. Compl. ¶¶ 1, 7 (Dkt. No. 1). He is a partial owner of Sol-REIT Advisors, LLC, a Delaware limited liability company that finances solar energy generation projects. Id. ¶ 10; Suri Decl. ¶ 6 (Dkt. No. 55). Defendant Sunil Suri is a California resident who is the Chief Executive of BCF Loans, Inc. Compl. ¶¶ 3-4. Suri is

solely authorized to act for BCF Loans, which is also a defendant in this case and a citizen of California and South Dakota. Id. ¶ 4; BCF Loans Corporate Disclosure Statement (Dkt. No. 29).

In early 2023, Spano and Suri began discussing a business venture in the renewable energy space. Compl. ¶¶ 7-9. Suri expressed interest in buying Spano's company, Sol-REIT Advisors. Id. ¶¶ 11-12. Suri planned to merge Sol-REIT with his company, BCF Loans. Id. Suri expressed this desire at a meeting in New York City, and the parties had additional meetings in New Jersey, California, London, and Dubai, along with numerous phone calls, email communications, and Zoom meetings. Id. ¶ 12; Suri Decl. ¶¶ 12-13.

At the time, Spano was in a dispute with his business partners related to their request for a capital call. Compl. ¶ 13. As part of his plan, Suri asked Spano to appoint him manager of Sol-REIT and deposit $335,0000 into an account owned by BCF Loans at BCB Community Bank in New Jersey. Id. ¶¶ 15-18; Suri Decl. ¶¶ 16-17. Suri said he would use the funds for the capital call and to help enable the sale and merger. Compl. ¶¶ 15-19. Spano wired the money, but Suri ultimately did not buy Sol-REIT. Id. ¶¶ 22-24. Instead, Suri secretly withdrew the funds and used them to buy stock in BCB Community Bank. Id. ¶ 24. Spano repeatedly asked Suri to return the money, but he did not comply. Id. ¶¶ 25-26. On September 1, 2023, Spano commenced this action for fraud and conversion (Dkt. No. 1). On November 25, 2024, the defendants moved to dismiss (Dkt. No. 53).

**LEGAL STANDARDS**

The defendants move to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). On a motion to dismiss under Rule 12(b)(3), the burden is on the plaintiff to make a prima facie showing of venue. U.S. Commodity Futures Trading Comm'n v. Wilson, 27 F. Supp. 3d 517, 536 (S.D.N.Y. 2014). The Court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the Plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013). "Where, as here, a defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3), a court may consider evidence outside the four corners of the complaint, including affidavits and other documentary evidence." Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 513 (S.D.N.Y. 2012), aff'd, 740 F.3d 211 (2d Cir. 2014).

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1391(b) provides that venue is proper in any of the following locations:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

3

>substantial part of property that is the subject of
>the action is situated; or (3) if there is no district
>in which an action may otherwise be brought as
>provided in this section, any judicial district in
>which any defendant is subject to the court's personal
>jurisdiction with respect to such action.

The Second Circuit uses a two-part test for venue challenges under § 1391(b)(2). "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005). That means that "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in original). The Second Circuit has "caution[ed] district courts to take seriously the adjective 'substantial'...[and] construe the venue statute strictly." Id.

If venue is improper, the Court has discretion to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "[T]he Court enjoys considerable discretion in deciding whether it is in the interest of justice to transfer a case." Nelson v. Wells Fargo Bank, N.A., 2019 WL

4

2514229, at *10 (S.D.N.Y. June 18, 2019). This discretion may be informed by "the convenience of the parties, ease of access to sources of proof, and concerns of judicial economy," as well as "the ultimate goal of the expeditious and orderly adjudication of cases and controversies on their merits." Id. (internal citations, alteration, and quotation marks omitted). "[I]n most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." Abalu v. Soc'y of Hum. Res. Mgmt., Jennifer McCollum, 2025 WL 1019199, at *15 (S.D.N.Y. Apr. 4, 2025) (internal quotations and citations omitted). "Where district courts are presented with both a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), and a motion to transfer venue, under 28 U.S.C. § 1404(a), they commonly address the venue motion first, and, where transfer is appropriate, leave the motion to dismiss to be decided by the transferee court." Schweitzer v. Nevels, 669 F. Supp. 3d 242, 246 (S.D.N.Y. 2023) (quoting King v. Aramark Servs., Inc., 2019 WL 3428833, at *2 (W.D.N.Y. July 30, 2019)).

**DISCUSSION**

Plaintiff alleges that "[v]enue is proper in the Southern District of New York because a substantial portion of the acts and omissions alleged in this Complaint occurred within this

5

District." Compl. ¶ 6. Specifically, he highlights a New York meeting where "Mr. Suri raised with Mr. Spano that he would be interested in purchasing Sol-REIT." Id. ¶ 12. Though the idea for the Sol-REIT transaction may have been discussed in New York, every other meeting to solidify it, as well as the eventual breach giving rise to this action, occurred outside of New York. Suri's declaration refers to meetings in New Jersey, California, London, and Dubai, along with numerous phone calls, email communications, and Zoom meetings that occurred while Mr. Suri lived in California and Mr. Spano lived in New Jersey. Suri Decl. ¶¶ 12-14. Additionally, the plan involved wiring funds to an account at BCB Community Bank, which is located in New Jersey, and the alleged breach occurred when Mr. Suri secretly withdrew the funds and used them to buy stock in that same bank. Id. ¶¶ 16-17; Compl. ¶¶ 22-24. Further, none of the parties to this action are citizens of New York. Compl. ¶¶ 1-3. Taken together, one meeting in New York is not enough to justify an inference that a substantial part of the acts or omissions giving rise to the claims occurred in this district.

Transfer to the Northern District of California is appropriate, as both defendants are citizens of that district and have consented to venue there, so they will not be prejudiced. Compl. ¶¶ 2-3; Suri Decl. ¶ 19; see Perrone v. Catamount Ski Resort, LLC, 2020 WL 2538464, at *6 (S.D.N.Y. May

6

19, 2020). As transfer is appropriate, the Court need not address defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer is granted, and the case is transferred to the Northern District of California.

So ordered.

Dated:   New York, New York
         May 13, 2025

                                    _____
                                    LOUIS L. STANTON
                                    U.S.D.J.